UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

OUTBOARD MARINE CORPORATION,            )
                                        )
         Plaintiff,                     )    3:10-CV-00311-LRH-RAM
                                        )
   v.                                   )
                                        )    ORDER
ROBIN LISTMAN,                          )
                                        )
         Defendant.                     )
                                        )

Before the court is Plaintiff Outboard Marine Corporation's ("OMC") Complaint for Declaratory Relief. Doc. #1. Pursuant to the court's discretionary authority under the Declaratory Judgment Act, 28 U.S.C. § 2201, the court *sua sponte* declines to exercise jurisdiction and will dismiss the complaint without prejudice.

## I.   Facts and Procedural History

This matter arises out of a recreational boating accident on Pyramid Lake, located within the Pyramid Lake Paiute Tribe Reservation. Robin Listman ("Listman"), who suffered serious injuries in the accident, filed suit in Nevada state court in August 2003 against several parties, including OMC as the alleged designer and manufacturer of the boat. That state court action, *Listman v. Porsow*, CV03-05022, remains pending and is proceeding to trial with Listman and OMC as the sole remaining parties. Doc. #1, p. 2.

Almost seven years after the *Listman* state court action was filed, on May 25, 2010, OMC filed the instant federal complaint for declaratory relief pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57. Doc. #1, p. 2. OMC's complaint prays for (1) an order abating and staying the *Listman* state court action pending this court's disposition of this declaratory judgment action, and (2) a declaration that Listman is precluded from pursuing damages under any theory of strict products liability in the pending state court action and is limited to only a claim for negligence. *Id.* at 11. OMC's request for such declaratory relief is premised on its contentions that Listman's products liability action is subject to the Fallon Paiute Shoshone Indian Tribes Water Rights Settlement Act of 1990 ("Settlement Act"), U.S. Pub.L. No. 101-618, 104 Stat. 3289; that the Settlement Act grants to the Paiute Tribe the sole and exclusive authority to establish rules and regulations governing boating on Pyramid Lake; and that the Pyramid Lake Tribal Code allows recovery only under negligence principles and does not provide for the imposition of strict products liability. Doc. #1, p. 4. OMC further contends that the state court has failed to address this issue of federal preemption and tribal law despite OMC's attempts to raise it in a motion for summary judgment, and that given the state court's inaction and that the issue concerns the application of a federal statute, the issue is best left for determination by this federal court. *Id.*

Listman counters that the state court already determined the issue in an order dated July 16, 2008, the pertinent part of which states: "Defendant [OMC] presented several other grounds for his motion which the court concluded lacked merit but since the court is ruling on the Nevada law ground and its ruling will dispose of the action, the other grounds presented will not be addressed." Doc. #1, Ex. C at 4. Focusing on the "court concluded lacked merit" language of the state court's order, on July 13, 2010, Listman filed a motion to dismiss OMC's federal complaint on res judicata grounds. Doc. #22. OMC opposes the motion, arguing *inter alia* that by stating that the other issues "will not be addressed," the state court did not reach or resolve the issue of federal preemption and tribal law presented in OMC's state court motion and federal complaint. Doc. #27.

2

Following briefing on Listman's motion to dismiss, on August 30, 2010, Listman filed a supplemental memorandum notifying this court of another order issued by the state court on August 26, 2010. Doc. #32, Ex. A. On July 14, 2010, one day after Listman's motion to dismiss was filed in this court, OMC filed in state court a motion to dismiss for lack of subject matter jurisdiction based on OMC's contentions that Listman's suit is subject to exclusive tribal jurisdiction and that Listman had failed to exhaust tribal remedies. Doc. #28 (Ex. A to Doc. #27). The state court's August 26 order denied OMC's motion, holding that Listman's products liability action is not subject to tribal jurisdiction under any theory. Doc. #32, Ex. A at 3, 10. OMC then moved to strike Listman's supplemental memorandum, arguing *inter alia* that the state court's order does not support Listman's motion to dismiss because the tribal jurisdiction issue resolved by the state court is distinct from the "choice of law" or "federal preemption" issue presented in this federal declaratory relief action. Doc. #33, pp. 2-3. Both Listman's motion to dismiss and OMC's motion to strike remain pending before this court.

**II.     Discussion**

The Declaratory Judgment Act provides that a federal court with subject matter jurisdiction "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). However, a district court is "under no compulsion to exercise that jurisdiction." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). Given its use of the permissive "may," "the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Thus, in the exercise of its discretion, a district court may decline to exercise jurisdiction over a declaratory relief action even though subject matter jurisdiction is otherwise proper. *Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1166 (9th Cir. 1998); *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc).

1  "In the declaratory judgment context, the normal principle that federal courts should
2  adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial
3  administration." *Wilton*, 515 U.S. at 288.  Under the *Brillhart* factors, in considering whether to
4  entertain a declaratory relief action, a district court should avoid needless determination of state
5  law issues, discourage litigants from filing declaratory actions as a means of forum shopping, and
6  avoid duplicative litigation.  *Dizol*, 133 F.3d at 1225.  These factors are not exhaustive, however.
7  Other considerations may include whether the declaratory action will settle all aspects of the
8  controversy; whether it will serve a useful purpose in clarifying the legal relations at issue; whether
9  it is being sought merely for the purposes of procedural fencing or to obtain a res judicata
10 advantage; whether it will result in entanglement between the federal and state court systems; the
11 convenience of the parties; and the availability and relative convenience of other remedies.  *Id.* at
12 1225 n.5.

13  Declaratory relief abstention is not required by the mere pendency of a related state court
14 action, nor is there a presumption favoring abstention in declaratory actions generally.  *Id.*
15 However, "federal courts should generally decline to entertain reactive declaratory actions."  *Id.*
16 "If there are parallel state proceedings involving the same issues and parties pending at the time the
17 federal declaratory action is filed, there is a presumption that the entire suit should be heard in state
18 court."  *Id.* (citing *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (9th Cir. 1991)).
19 Further, it may constitute an abuse of discretion for a federal court to grant declaratory relief solely
20 to preempt a state court's ruling on an issue of federal law.  *See Exxon Shipping Co. v. Airport*
21 *Depot Diner, Inc.*, 120 F.3d 166, 169-70 (9th Cir. 1997).  "Declaratory relief is not authorized so
22 that lower federal courts can sit in judgment over state courts, and it is not a substitute for
23 removal."  *Id.* at 170.

24  Here, OMC's complaint for declaratory relief is expressly designed to preempt a state
25 court's ruling on an issue of federal law in a pre-existing and parallel state proceeding involving
26

4

the same issues and parties. According to OMC's own representations, OMC and Listman are the sole remaining parties in the *Listman* state court action and the only parties to this federal action, and the issue presented for resolution by this court is identical to the issue presented to the state court for resolution and will determine the claims that are available to Listman in the state court action. In other words, OMC asks this court to directly intervene in and direct the course of the state court litigation. But going even further, OMC also asks this court to direct the state court to halt its proceedings pending this court's resolution of the issue pending in that court. OMC's request for federal intervention is not based on the state court's lack of authority to determine its jurisdiction and the applicability of federal and tribal law to Listman's claims. Rather, OMC itself submitted those issues to the state court for resolution and complains only that, in OMC's own interpretation of the state court's orders, the state court has not yet expressly resolved the federal preemption/choice of law issue. Doc. #1, p. 4; *see also* Doc. #27, p. 2-3; Doc. #33, p. 2-3.

Contrary to OMC's contention, this court's granting of declaratory relief would not serve a useful purpose by merely clarifying the legal relations at issue in the state court action. *See* Doc. #1, p. 4-5. More accurately, it would preempt and frustrate the state court's resolution of an issue at the very heart of those proceedings, give OMC a res judicata advantage in that forum, needlessly duplicate the state court proceedings, improperly entangle the federal and state court systems, and encourage federal forum shopping by state court litigants outside the bounds of the removal act. *See Exxon*, 120 F.3d at 170; *see also Mitcheson v. Harris*, 955 F.2d 235, 238-39 (4th Cir. 1992). This court will not countenance such use of the Declaratory Judgment Act as a means of forum shopping aimed at preempting ongoing proceedings in state court, even where the dispute involves an issue of federal law. *See Exxon*, 120 F.3d at 169-70. The court therefore declines to exercise its jurisdiction under the Declaratory Judgment Act.

Regarding whether to stay or dismiss a declaratory action, "a stay will often be the preferable course, because it assures that the federal action can proceed without risk to a time bar if

5

the state case, for any reason, fails to resolve the matter in controversy. *Wilton*, 515 U.S. at 288 n.2. Nonetheless, this is not the ordinary case where the federal declaratory action involves issues that may remain following termination of the state court proceedings. The sole issue presented here is identical to an issue presented to the state court by OMC and will inevitably be resolved by the state court as the *Listman* litigation proceeds to trial (if the state court has not determined it already, *see* Doc. #1, Ex. C at 4), with res judicata effect in this federal declaratory action. Furthermore, the issue presented to this court—"whether the *Listman* plaintiff can as a matter of law bring her strict liability claim or whether the *Listman* plaintiff's remedy is limited to only a claim for negligence," Doc. #1, p. 11—lies at the heart of the state court action and has no materiality outside that action. Consequently, termination of the *Listman* action without resolution of the issue presented here would render this federal action moot. The court therefore finds no practical purpose in staying this federal declaratory action pending resolution of the *Listman* state court action and will dismiss the action without prejudice. *See Exxon*, 120 F.3d at 170.

**III.   Conclusion**

For all the above reasons, the court *sua sponte* declines to exercise jurisdiction over OMC's complaint for declaratory relief.

IT IS THEREFORE ORDERED that the complaint is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Complaint for Declaratory Relief (#22) and Plaintiff's Motion to Strike Defendant's Supplemental Memorandum (#33) are DENIED as moot.

IT IS SO ORDERED.

DATED this 13th day of February, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE