UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

OUTBOARD MARINE CORPORATION,

    Plaintiff,

v.

ROBIN LISTMAN,

    Defendant.

3:10-CV-00311-LRH-RAM

ORDER

Before the court is Plaintiff Outboard Marine Corporation's ("OMC") motion for reconsideration (#39) of this court's Order (#36) and Judgment (#37) *sua sponte* declining to exercise jurisdiction under the Declaratory Judgement Act, 28 U.S.C. § 2201, and dismissing without prejudice OMC's complaint for declaratory relief. Defendant Robin Listman ("Listman") filed an opposition (#42), and OMC filed a reply (#43).

OMC brings its motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A district court may alter or amend a judgment under Rule 59(e) where the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). OMC argues only that the court's discretionary decision to decline jurisdiction under the Declaratory Judgment Act was clearly erroneous or manifestly unjust.

OMC argues the court applied the wrong standard for abstention by failing to apply the "exceptional circumstances" test for *Colorado River* abstention. *See Colorado River Water Conservation Dist. v. United States*, 454 U.S. 800 (1976). "The *Colorado River* test, however, does not apply where the Declaratory Judgments Act, 28 U.S.C. § 2201, is involved." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366 (9th Cir. 1991). The reason, of course, is that a district court's exercise of jurisdiction under § 2201 is expressly discretionary, as observed in this court's prior order. *See* Doc. #36, p. 3.

OMC also argues repeatedly that this court has subject-matter jurisdiction because its complaint for declaratory relief presents a federal question. The argument entirely misses the point, however. OMC's declaratory relief action was dismissed not for lack of jurisdiction over the subject matter, but because the court declined, in its discretion, to exercise its jurisdiction.

Finally, OMC's lengthy attack on the state court's alleged failure to properly apply federal and tribal law provides no basis for reconsidering this court's decision to decline jurisdiction. Indeed, regardless of the merits, such arguments only reinforce this court's determination that OMC's declaratory relief action is expressly designed to preempt or overrule the state court's ruling in a pre-existing and parallel state proceeding involving the same issues and parties. *See* Doc. #36, p. 4. This court's application of declaratory relief abstention was therefore proper.

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (#39) is DENIED.

IT IS SO ORDERED.

DATED this 27th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE